3049994-LRB/AMF/AXS

**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GEORGE KOSCIANIUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2021 L 005789 |
| | ) | |
| ZOKAR LOGISTICS, INC., SADEK ALZOKARI | ) | |
| And UNITED TRANSPORT, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**NOTICE OF REMOVAL**

NOW COMES the Defendants, ZOKAR LOGISTICS, INC., SADEK ALZOKARI, and UNTIED TRANSPORT, INC. by and through their attorneys, Lew R.C. Bricker and Amy Sandhu of SmithAmundsen LLC, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action to the United States District Court for the Northern District of Illinois, Eastern Division, and in support thereof, state as follows:

1. This matter arises from an December 10, 2019 accident at the intersection of 159th Street and Farrell Road in Lockport, County of Will, State of Illinois. (*See* Complaint at Law attached as Exhibit A; *See* Illinois Traffic Crash Report attached as Exhibit B). Plaintiff, George Koscianiuk alleges that he "suffered damages of a personal and pecuniary nature." (Ex. A, Count III, ¶ 13).

2. On August 17, 2021, the Plaintiff filed an Amended Complaint in the Circuit Court of Cook County, Illinois bearing Case No. 21 L 5789. (Ex. A.)

3. Defendants, Zokar Logistics, Inc., Sadek Alzokari, and United Transport, Inc. seek to remove this matter based upon subject matter jurisdiction conferred by diversity of citizenship and amount in controversy, as established in 28 U.S.C. § 1332.

4. Shown below, diversity of citizenship exists, the Defendants assert a good faith basis that the amount in controversy exceeds $75,000.00, and Removal is timely.

## ARGUMENT

**Diversity of Citizenship Exists**

5. Upon information and belief, Plaintiff, George Koscianiuk, is currently and was at the time of the subject accident domiciled, a citizen and resident of the State of Illinois.

6. At the time of the subject accident, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Zokar Logistics, Inc., was and is a citizen of the State of Michigan. Defendant United Transport, Inc., was and is a citizen of the State of Indiana. The United States Supreme Court determined that a corporation is a citizen of both (1) every state where it is incorporated, and (2) the state where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

7. At the time of the occurrence, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Zokar Logistics, Inc., was and is incorporated in the State of Michigan. (*See* Zokar Logistics, Inc.'s Business Registration with the Michigan Secretary of State attached as Exhibit D).

8. At the time of the occurrence, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, United Transport, Inc., was and is incorporated in the State of Indiana (*See* United Transport, Inc.'s Business Registration with the Indiana Secretary of State attached as Exhibit C).

9. The United States Supreme Court stated that a corporation's principal place of business is determined by the "nerve center" test. The Court explained that:

> … the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the …corporation's nerve center. And in practice it should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination, i.e., the nerve center, and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

*Hertz Corp.*, 559 U.S. at 92-93. At the time of the alleged subject occurrence, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Zokar Logistics, Inc. maintained its principal place of business in Hamtramck, Michigan (Ex. D). And, Defendant, United Transport, Inc., maintained its principal place of business in Hammond, Indiana. (Ex. C)

10. Thus, both Zokar Logistics, Inc. and United Transport, Inc. meet both prongs of citizenship laid out by the United States Supreme Court and are deemed citizens of the State of Michigan and Indiana, respectively.

11. At the time of the occurrence, at the time the Complaint was filed in the Circuit Court of Cook County, and at the present time, Defendant, Sadek Alzokari, was and is domiciled, a citizen and a resident of the State of Michigan.

12. Complete diversity of citizenship exists between Plaintiff, George Koscianiuk, and Defendants, United Transport, Inc., Zokar Industries, Inc., and Sadek Alzokari.

**The Amount in Controversy Exceeds $75,000.00**

13. Plaintiff alleges in his complaint that as a result of the incident he "suffered and will continue to suffer injuries of a personal and pecuniary nature." (Ex. A, Count III, ¶ 13).

14. Plaintiff demands judgment against Defendant, United Transport, Inc., for a sum in excess of $50,000.00, and demands judgment against Co-Defendants, Zokar Logistics, Inc. and Sadek N. Alzokari, for a sum in excess of $50,000.00. (Ex. A). This prayer for relief is confirmed by the Rule 222(b) Affidavit that certifies, "the total money damages sought exceeds $50,000.00, exclusive of interests and costs." (*See* Ex. A).

15. To date, Plaintiff has provided over $196,000.00 in claimed medical damages. Accordingly, the movant believes in good faith that the amount in controversy exceeds the jurisdictional limit of $75,000.00.

**Removal Is Timely Filed**

16. This Notice of Removal was filed within (30) thirty days of "after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

17. Plaintiff filed his First Amended Complaint at Law on August 17, 2021. (*See* Exhibit A.).

18. Service was achieved on Defendant, Zokar Logistics, Inc. on or about June 22, 2021. And, service was achieved on Defendant Sadek Alzokari on or about June 18, 2021. (Ex. A).

19. Service was achieved on Defendant, United Transport, Inc., on or about September 3, 2021. (Ex. A)

20. On September 22, 2021, Defendants were notified that Plaintiff underwent medical procedures that allegedly relate to the claim and that amount in controversy exceeds the jurisdictional limit of $75,000.

21. This Notice of Removal is thus filed within (30) thirty days from "which it [was] first ascertained that the case is one which is or has become removeable." 28 U.S.C. § 1446(b)(3).

22. As established in this Notice, Defendants have properly filed its Notice of Removal within the applicable thirty-day period. The time period set forth in §1446 is mandatory and should be strictly construed. *Northern Illinois Gas Co. v. Airco Industrial Gases*, 676 F.2d 270 (7th Cir. 1982). Defendants have complied with this thirty-day deadline. Therefore, Defendant's Notice of Removal is timely filed.

23. As required by 28 U.S.C. §1446(d), the movant will promptly serve upon Plaintiff's counsel and file with the Cook Circuit Court a true and correct copy of this Notice.

24. As required by 28 U.S.C. §1446(a), a true and correct copy of all process, pleadings, and orders served upon Defendant in this action is attached hereto. (*See* Ex. A.)

25. By removing this action, Defendants do not waive any defenses available to them.

26. If any question arises as to the propriety of the removal of this action, the movant requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

27. This Notice is signed and submitted in compliance with Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants, Zokar Logistics, Inc., Sadek Alzokari, and United Transport, Inc., by and through their attorneys, Lew R.C. Bricker and Amy Sandhu of SmithAmundsen LLC, pray that this Honorable Court retain jurisdiction of this matter pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Movant further prays should this Court require hearing that it be afforded the opportunity to present a brief and oral argument in support of its position. Defendant prays for further and other relief as this Court deems proper and just.

        Respectfully submitted,

By:   s/Lew R.C. Bricker

Attorney for Defendants, Sadek Alzokari,
Zokar Logistics, Inc., and
United Transport, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894.3210
E-Mail: lbricker@salawus.com

Lew R.C. Bricker
Amy Sandhu
Attorneys for Defendants,
Sadek Alzokari
Zokar Logistics, Inc., and
United Transport, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601
Tel: (312) 894-3200
Fax: (312) 894.3210
E-Mail: lbricker@salawus.com
      asandhu@salawus.com

3049994-LRB/AMF/AXS

## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| GEORGE KOSCIANIUK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. |
| ) | |
| ZOKAR LOGISTICS, SADEK ALZOKARI and ) | |
| UNITED TRANSPORT, INC., ) | |
| ) | |
| Defendants. ) | |

### CERTIFICATE OF SERVICE

The undersigned certifies that on the **22nd day of October, 2021**, she served a copy of **Notice of Removal** on:

Thomas R. Trench
McNabola & Associates, LLC
161 N. Clark Street, Suite 2550
Chicago, Illinois 60601
(312) 888-7000
tom@injuryillinois.com

via e-mail and first class mail by depositing same into an envelope properly sealed and with proper postage prepaid, into the U.S. Mail at 150 North Michigan, Chicago, Illinois before 5:00 p.m. on the 22nd day of October, 2021.

[x] Pursuant to 28 USC Section 1746(2), I certify under penalty of perjury that the foregoing is true and correct. Executed on:

Lew R.C. Bricker
Amy Sandhu
Attorneys for Defendants,
Sadek Alzokari,
Zokari Logistics, Inc., and
United Transport, Inc.
SmithAmundsen LLC
150 North Michigan Avenue, Suite 3300
Chicago, Illinois 60601